IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ANTHONY SMITH**

    **Plaintiff,**

v.                                                           Case No. 1:20-cv-249-AW-GRJ

**SERGEANT HOWARD, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING SUMMARY JUDGMENT

Anthony Smith is a Florida inmate. After he declared a "psychological emergency," prison officials tried to remove him from his cell. Smith contends that through that process, the officials used excessive force in violation of the Eighth Amendment. He further contends that the officials were deliberately indifferent to his medical needs, also in violation of the Eighth Amendment.

Defendants moved for summary judgment, and the magistrate judge issued a report and recommendation, concluding I should grant the motion. ECF No. 47. Having considered the report and recommendation, and having considered de novo Smith's objections, ECF No. 54, as well as his supplemental response in opposition to summary judgment, ECF No. 48, I conclude summary judgment is warranted.

**A.**

The report and recommendation sets out the facts in more detail, but the short of it is that Smith refused to comply with instructions, and officers pepper-sprayed

1

him before eventually forcibly extracting him from his cell. Smith contends that both the pepper spraying and the forceable extraction were unreasonable uses of force. As to the pepper spray, I agree with the magistrate judge and fully incorporate that portion of the report and recommendation.[1]

As to the forceable extraction, I agree with the magistrate judge's ultimate conclusion, although I acknowledge there is a factual dispute as to whether the extraction injured Smith. Smith submitted an affidavit in which he claimed he suffered "severe pain" in his "eye and ears," ECF No. 35 at 11, and his verified complaint likewise says he suffered ear and eye pain from the cell extraction, ECF No. 6 ¶ 18. Finally, his sworn supplement in opposition to summary judgment alleges that he still needs medical treatment for blindness and deafness following the extraction. ECF No. 48 ¶ 6.

The episode was captured on video, which is part of the summary judgment record. The magistrate judge correctly concluded that the videos do not show any injuries consistent with Smith's claims. R&R at 22-24. But neither does the video decisively refute those claims. And while the lack of corroborating evidence in the video or in the police reports may make Smith's claims less credible, at this stage I must accept Smith's version of the facts. *See Strickland v. Norfolk So. Ry. Co.*, 692

---

[1] The same is true for the magistrate judge's conclusions about the claim for deliberate indifference to medical needs.

F.3d 1151, 1162 (11th Cir. 2012). And therefore, for now, I will accept that the extraction caused serious injury.

But this does not preclude summary judgment. "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Of course, "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). But here, the video shows an application of force that no reasonable jury could find excessive—even if Smith suffered an injury greater than one might expect from the amount of force applied. *Cf. Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) ("There is no way that Deputy King could have foreseen that a simple push would result in as much injury as Cockrell unfortunately suffered. That the severity of the injury could not have been reasonably anticipated makes it less likely that King acted 'maliciously and sadistically for the very purpose of causing harm.'" (quoting *Whitley*, 475 U.S. at 320-21)).

The undisputed evidence shows that Smith repeatedly refused to submit himself to restraints to be led out of the holding cell. *See* ECF No. 43 (sealed), HH1 at 25:15-45:15. When the cell-extraction team opened the cell door, Smith raised his hands, *id.* at 46:16, and the force that took Smith to the ground was objectively

3

reasonable as a matter of law in light of "the need for application of force[,] . . . the relationship between the need and the amount of force used," and the "extent of the threat to the safety of staff" that the extraction team "reasonably perceived . . . on the basis of the facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting *Whitley*, 475 U.S. at 321). These factors warrant summary judgment even accepting Smith's account of his injuries. *See id*. ("Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." (quoting *Whitley*)).

Nothing in Smith's supplement opposing summary judgment (ECF No. 48)—filed five days after the report and recommendation issued—changes any of this. Normally, I would not consider supplements filed after a report and recommendation issued, but here, the filing came within the deadline the court set. *See* ECF No. 46 at 3. The supplement was therefore timely, and I have considered it.

The supplement alleges that the injuries were even worse than Smith previously stated—that he "pas[sed] out from the pain" and "went into seizure." ECF No. 48 ¶ 7. This last claim is clearly false; the video shows Smith consciously walking to the decontamination shower immediately after the cell extraction. *See* ECF No. 43 (sealed), FW2 at 00:00-00:15. *Cf. Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that where a video "blatantly contradict[s]" one party's version of

the facts, that "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). Perhaps recognizing that the videos contradict his claim, Smith contends the videos were manipulated. ECF No. 48 ¶ 7. But he offers no basis for this conclusion. *Cf.* Fed. R. Civ. P. 56(c)(4) (holding that an affidavit counts as summary judgment evidence only if it is "made on personal knowledge" and "show[s] that the affiant or declarant is competent to testify on the matters stated").

## B.

Smith's objections to the report and recommendation are unpersuasive. He alleges new facts apparently related to his deliberate-indifference claim, including specific allegations about how prison staff ignored his declaration of a psychological emergency. ECF No. 54 at 3-5. But none of this appeared in his complaint or in earlier filings, so I will not consider these allegations here. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). I do note, however, that the additional allegations still show no injury from the alleged indifference to his psychological emergency, so the new allegations would not undermine the conclusion that the PLRA barred Smith's deliberate-indifference claim. *See* R&R at 14 (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002)).

5

The rest of the objection does not deal at all with the excessive-force claim alleged in the complaint or addressed in the report and recommendation. Instead, it alleges that Smith was pepper-sprayed and beaten *twice* on October 12, 2018 and that the complaint was only talking about the second time. ECF No. 54 at 7. He now claims that his alleged eye and ear injuries are actually from being pepper sprayed and beaten earlier in the day—after he declared a psychological emergency but before the extraction addressed above. *Id.* at 6-8. And he asks for leave to amend his complaint to allege this new excessive-force claim. ECF No. 54 at 8.

Smith has not shown good cause to amend his complaint. Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), in my discretion I find that Smith has not met this standard. First, the request to amend is untimely: even though Smith now claims the "first beating" was the real source of the injuries he alleged all along, *see* ECF No. 54 at 7, he has not sought to plead it until after summary judgment was briefed and the magistrate judge issued the report and recommendation.[2] The timing alone justifies denying leave to amend.

---

[2] Smith filed an additional affidavit styled as a further supplement opposing summary judgment, *see* ECF No. 56 at 1, although in substance it mostly repeats claims Smith made in his earlier objection. *Compare id.* at 15-21; *with* ECF No. 54 at 6-8. It also renews his request to amend his complaint. *See* ECF No. 56 at 2. The motion is untimely, whether I construe it as an affidavit opposing summary judgment, *see* ECF No. 46 (setting February 21 deadline), or a supplementary

Second, and as an independent reason to deny leave to amend, the amendment is not in good faith. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment [] where there has been undue delay, bad faith, [or] dilatory motive . . . ."). Smith's new allegations flatly contradict his earlier sworn submissions. While he has repeatedly tied his alleged eye and ear injuries to the cell extraction, he now says they actually happened in a completely different (and previously undisclosed) beating involving the same defendants as initial complaint. *See* ECF No. 54 at 6-7. The timeline he now alleges is also inconsistent with his earlier sworn pleadings. *Compare, e.g.*, FAC ¶ 17 ("The Plaintiff, having three (3) times declared a "psychological emergency" was escorted through pre-confinement procedures and ultimately placed in his confinement cell *without incident.*" (emphasis added)); *with* ECF No. 54 at 6 ("Based on the plaintiff['s] [d]emands to declare a psychological emergency, the officers mentioned in this claim (defendants) all participated by taking cheap shots and punching him, kicking him and, while in handcuff[s] behind his back the captain ordered McGraw to use chemical agent on the plaintiff."); *and id.* at 7 ("Now the plaintiff Smith was taken out of the cages in which the assault and chemical agent as administered, but

---

objection to the report and recommendation, *see* ECF No. 50. But even if I considered the affidavit, it would not alter my conclusions here.

7

now the plaintiff is being escorted to his assigned confinement cell . . . .").[3] In light of these inconsistencies, Smith has not shown that the interests of justice favor starting all over again with a new complaint. *Cf. Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984) (explaining that "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony").[4]

---

[3] Smith's latest filing suggests again that there was only one incident involving pepper spray and physical force—the same incident alleged in his original complaint. *See* ECF No. 56 at 19 (claiming that Smith "has the attack on video" (citing ECF No. 43 (sealed)). If Smith indeed refers to the same incident, his new allegations are inconsistent with the video. *Compare id.* at 20 (claiming Smith was "still in restraints/handcuffs" when he was pepper sprayed); *with* ECF No. 43 (sealed), HH1 at 46:00-46:30 (showing Smith was not handcuffed but refused to submit to restraints before the cell extraction). Smith's inability to provide a consistent timeline of events that does not contradict the video evidence in the record is further reason to deny his request to amend.

[4] Smith again seeks appointed counsel. ECF No. 52 at 7. Appointed counsel for civil plaintiffs is warranted "only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Here, as in *Bass*, "[t]he core facts of the case . . . are not in [genuine] dispute," and Smith's Eighth Amendment claims "are straightforward." *Id.* (affirming denial of appointed counsel in § 1983 lawsuit). Smith's motion for appointed counsel is denied. To the extent his most recent filing raises another request for appointed counsel, *see* ECF No. 56 at 11, it is denied for the same reasons.

## C.

The report and recommendation (ECF No. 47) is adopted and incorporated into this order, except to the extent it suggested there was no dispute about the injury. Defendants' Motion for Summary Judgment (ECF No. 33) is GRANTED. Plaintiff's motion for appointed counsel (ECF No. 52) is DENIED. The clerk will enter a judgment that says, "This case was resolved on summary judgment. Plaintiff's claims are dismissed on the merits, and Plaintiff shall recover nothing." The clerk will then close the file.

SO ORDERED on June 22, 2022.

s/ *Allen Winsor*
United States District Judge